# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| LINDSAY HAYS, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, </br></br>　　　Plaintiffs, </br></br>　v. </br></br>EATON GROUP ATTORNEYS, LLC, and MIDLAND FUNDING, LLC, </br></br>　　　Defendants. | Civil Action No.: 3:17-cv-88 |

## PLAINTIFF'S CLASS-ACTION COMPLAINT

Plaintiff, LINDSAY HAYS ("Plaintiff"), on behalf of herself and the class of similarly situated individuals, as defined below, through Plaintiff's attorney, SCOTT, VICKNAIR, HAIR & CHECKI, LLC, alleges the following against defendants, EATON GROUP ATTORNEYS ("EGA") and MIDLAND FUNDING, LLC ("MFL") (jointly "Defendants"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

2. The purpose of this statute is to protect unsophisticated consumers from acts or practices that are abusive, deceptive, and harassing.

3. The FDCPA specifically prohibits debt collection practices that are false, deceptive, or misleading to the unsophisticated consumer.

4. The collection letter at issue in this class action invites consumers to explore a voluntary repayment plan, however, if the consumer wishes to do so, he or she must sign a consent judgment and provide financial and employment information. The collection letter is "misleading because an unsuspecting debtor, seeking only to 'explore a voluntary repayment plan,' could be fooled into executing the consent judgment without knowledge of the consequences. *Brandon v. Eaton Group Attys., LLC*, 2017 U.S. Dist. LEXIS 9525 *6 (E.D. La. 2017) (internal citations omitted).

## JURISDICTION AND VENUE

5. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367, 15 U.S.C. § 1692k, and 15 U.S.C. § 1693(m).

6. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained within.

7. Venue and personal jurisdiction in this District are proper because Defendants do or transact business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

8. Plaintiff is a natural person residing in Prairieville, Louisiana.

9. Plaintiff resided in Prairieville, Louisiana at all times relevant to this class action and all actions related to Plaintiff stated herein took place in or around Prairieville,

Louisiana.

10. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

11. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5).

12. Defendants are debt collectors as that term is defined by 15 U.S.C. § 1692a(6).

13. Defendants attempted to collect a consumer debt from Plaintiff.

14. EGA is a debt collector domiciled in Baton Rouge, Louisiana.

15. MFL is a debt collector domiciled in Wilmington, Delaware.

16. Defendants are business entities engaged in the collection of debt within the State of Louisiana.

17. Defendants' businesses include, but are not limited to, collecting on unpaid, outstanding account balances.

18. A principal purpose of Defendants' businesses is the collection of debts allegedly owed to third parties.

19. Defendants regularly collect, or attempt to collect, debts allegedly owed to third parties.

20. During the course of their attempts to collect debts allegedly owed to third parties, Defendants send to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiate contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

21. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and

insurers.

22. Defendants' agents, employees, officers, members, directors, and representatives were working within the course and scope of their employment when taking the actions stated herein.

23. MFL is vicariously liable for all actions stated herein taken by its agents, attorneys, or other entities, as these actions were taken on behalf of, under the direction of, and with the authority of MFL.

## FACTUAL ALLEGATIONS

24. Defendants are attempting to collect an alleged consumer debt (the "Debt") from Plaintiff.

25. The Debt arose from transactions for personal, family, or household purposes.

26. MFL placed the Debt with EGA for collection on behalf of MFL.

27. MFL retained authority over the Debt throughout EGA's collection process.

28. On or around May 31, 2016, Defendants mailed a collection letter (the "Letter") to Plaintiff.

29. Defendants attached to the Letter a drafted consent judgment for a lawsuit captioned Midland Funding LLC versus Lindsay Hays, No. 468028-17, Ascension Parish Court, Parish of Ascension, State of Louisiana (the "Suit").

30. Defendants had not yet served Plaintiff with the Suit when they sent her the Letter.

31. The consent judgment attached to the Letter was signed by EGA on behalf of

MFL and only needed Plaintiff's signature to be filed as a judgment against Plaintiff for the full amount of the alleged debt and all costs of the Suit.

32. In signing the consent judgment, Plaintiff would also waive citation, service, petition, and all delays.

33. The Letter also contained a requested information section entitled "PLEASE COMPLETE & RETURN" asking for the following information from Plaintiff:

    a. Name;

    b. Social security number;

    c. Address;

    d. Phone number;

    e. Employer;

    f. Employer phone number;

    g. Employer address;

    h. Date of hire;

    i. Gross weekly wage;

    j. Spouse name;

    k. Spouse social security number;

    l. Spouse employer;

    m. Spouse employer phone number;

    n. Spouse employer address;

    o. Spouse date of hire;

p. Spouse gross weekly wage.

34. After the requested information section, the Letter contained signature lines for Plaintiff and spouse under the statement "AUTHORITY GRANTED THIRD PARTIES TO VERIFY/CORRECT."

35. The only portion of the Letter actually addressing Plaintiff was an introductory paragraph at the top of the Letter, stating "[i]f you would like to explore a voluntary repayment plan then please provide the requested information. The debt will need to be acknowledged through the attached consent judgment. Please return these forms as soon as possible. This is a communication form a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose."

36. Plaintiff did not fully understand the Letter.

37. Plaintiff did not understand the legal ramifications of signing the consent judgment in the letter.

38. Plaintiff did not understand the legal ramifications of filling out the requested information section in the letter.

39. Upon information and belief, Defendants did not intend to use the consent judgment for a voluntary repayment plan.

40. Upon information and belief, Defendants intended to use the consent judgment to obtain repayment of the alleged debt though involuntary methods such as wage garnishment and seizure of funds and property.

41. Upon information and belief, Defendants did not intend to use the requested

information for a voluntary repayment plan.

42. Upon information and belief, Defendants intended to use the requested information to obtain repayment of the alleged debt though involuntary methods such as wage garnishment and seizure of funds and property.

43. Defendants' Letter was deceptive and misleading as it attempted to trick Plaintiff into signing a consent judgment by promising a voluntary repayment plan.

44. Defendants' Letter was deceptive and misleading as it attempted to trick Plaintiff into provided information that could be used for involuntary collection by promising a voluntary repayment plan.

45. Defendants' Letter contained false, deceptive, and misleading statements.

46. Defendants' Letter was itself deceptive and misleading as a reasonable consumer could interpret the Letter in many different ways.

47. Defendants' Letter evidences collection tactics that are unfair and unconscionable.

48. When Plaintiff received the Letter, she was not aware of the legal effect of signing the consent judgment or providing the requested information.

49. Defendants' collectors were working within the scope of their employment when they communicated with Plaintiff.

50. Defendants' collectors are familiar with the FDCPA.

51. Plaintiff has suffered financial and economic damages due to the unfair, deceptive, false, and misleading actions of defendant.

52. The natural consequence of Defendants' statements and actions was to produce an unpleasant and/or hostile situation between Defendants and Plaintiff.

53. The natural consequence of Defendants' statements and actions was to cause Plaintiff mental and emotional distress.

## CLASS ACTION ALLEGATIONS

54. Plaintiff brings this action on behalf of herself and all others similarly situated (the "Class") for the purpose of asserting the claim alleged in this Complaint on a common basis.

55. Plaintiff represents, and is a member of, the Class, which is defined as follows:

> All persons in the State of Louisiana who, within one year of the filing of this action, received a collection letter from Defendants offering to discuss a voluntary repayment plan in connection to a signed consent judgment and/or the disclosure of personal, financial, employment, and/or income information.

56. Defendants, their employees, and their agents are excluded from the Class.

57. Persons are excluded from the class if they are already engaged in litigation with either defendant regarding the matters at issue in this Complaint.

58. Persons are considered in the State of Louisiana if the address at which they received a letter from Defendants is within the borders of Louisiana or has a Louisiana zone improvement plan code.

59. The Class that Plaintiff seeks to represent contains numerous members and is clearly ascertainable including, without limitation, by using Defendants' records to determine the size of the Class and to determine the identities of individual Class members.

60. Plaintiff reserves the right to modify the Class definition as warranted as facts are revealed through further investigation and discovery.

61. By its unlawful actions, Defendants have violated Plaintiff's and the Class's rights under the FDCPA, specifically, 15 U.S.C. §§ 1692e and 1692f.

62. The questions raised are of common or general interest to the Class, who have a well-defined community of interest in the questions of law and fact raised in this action.

63. Plaintiff's claims are typical of those of the Class, as Plaintiff now suffers from the same violations of law as other putative Class members.

64. Plaintiff has retained counsel with experience in litigating complex litigation and class actions to represent her and the Class, and Plaintiff will fairly and adequately represent the interests of the Class.

65. This action may properly be maintained as a class action because there is a well-defined community of interest in the litigation and the proposed Class is ascertainable.

66. Plaintiff does not know the number of members in the Class, however, on information and belief, the Class consists of hundreds or thousands of individuals, making joinder of individual cases impracticable.

67. Plaintiff's claims are typical of the claims of all other Class members.

68. Plaintiff's claims and the Class members' claims are based on the same legal theories and arise from the same unlawful conduct, resulting in the same injury to Plaintiff and to all the other Class members.

69. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members.

70. The common questions of law and fact include, without limitation, the following:

　　a. Whether Defendants' collection letter violated 15 U.SC. §§ 1692e and 1692f.

　　b. Whether Defendants' collection letter could be interpreted to have two or more meanings;

　　c. Whether Defendants' collection letter could trick a consumer into unknowingly give up his or her rights;

　　d. Whether the unsophisticated consumer would understand the consequences of signing the consent judgment in Defendants' letter;

　　e. Whether the unsophisticated consumer would understand the consequences of filling out the requested information section in Defendants' letter.

　　f. Whether Plaintiff and the Class members are entitled to damages due to the actions of Defendants and their agents.

71. Plaintiff will fairly and adequately represent and protect the interests of the other Class members.

72. Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of the other Class members and have the financial resources to do so.

73. Neither Plaintiff nor his counsel have any interests adverse to those of the other Class members.

74. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is impracticable and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.

75. Even if every individual Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts if individual litigation of the numerous cases were to be required.

76. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues.

77. By contrast, conducting this action as a class action will present fewer management difficulties, conserve the resources of the parties and the court system, and protect the rights of each Class member.

78. A class action will prevent the very real harm that would be suffered by numerous putative Class members who will be unable to enforce individual claims of this size on their own.

79. Plaintiff anticipates no difficulty in the management of this case as a class action.

80. The prosecution of separate actions by individual Class members may create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to those adjudications, or that would otherwise substantially impair or impede the ability of those non-party Class members to protect their interests.

81. The prosecution of individual actions by Class members would establish inconsistent standards of conduct for Defendants.

82. Defendants have acted in ways generally applicable to the Class, thereby making appropriate final and injunctive relief or corresponding declaratory relief with regard to members of the Class as a whole.

83. Likewise, Defendants' conduct as described above is unlawful, is capable of repetition, and will continue unless restrained and enjoined by the Court.

## VIOLATIONS OF THE FDCPA

84. The preceding paragraphs are incorporated as if fully stated herein.

85. Defendants are liable under 15 U.S.C. § 1692e for making false, deceptive, and misleading representations regarding the alleged debt.

86. Defendants are liable under 15 U.S.C. § 1692f for using unfair and unconscionable debt collection methods.

## DEMAND FOR JURY TRIAL

87. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

## PRAYER FOR RELIEF

Plaintiff, on behalf of herself and the members of the Class, respectfully requests judgment be entered against Defendants, including the following relief:

1. An order certifying the Class and appointing named Plaintiff as representative of the Class, and appointing counsel for Plaintiff as lead counsel for the Class;

2. An order declaring the actions of Defendants, as described herein, violate 15 U.S.C. §§ 1692e and 1692f;

3. An injunction requiring Defendants to cease sending collection letters that violate 15 U.S.C. §§ 1692e and 1692f;

4. Statutory damages of $1,000, pursuant to 15 U.S.C. § 1692k, per Class member for Defendants' violations 15 U.S.C. §§ 1692e and 1692f subject to the limitations described in the FDCPA;

5. All actual damages, pursuant to 15 U.S.C. § 1692k, suffered by each Class member for Defendants' violations of 15 U.S.C. §§ 1692e and 1692f subject to the limitations described in the FDCPA;

6. All costs and attorney's fees incurred by Plaintiff and the Class pursuant to 15 U.S.C. § 1692k;

7. Any other relief this Court deems appropriate.

DATED:  February 15, 2017                                  RESPECTFULLY SUBMITTED,

*/s/ Samuel J. Ford*
Samuel J. Ford, Esq. #36081 T.A./Lead
Scott, Vicknair, Hair & Checki, LLC
909 Poydras St., Ste. 1100
New Orleans, LA 70112
ford@vhclaw.com
Phone: (504) 684-5200
Fax: (504) 613-6351
Attorney for Plaintiff

*/s/ Galen M. Hair*
Galen M. Hair, Esq. #32865
Scott, Vicknair, Hair & Checki, LLC
909 Poydras St., Ste. 1100
New Orleans, LA 70112
ford@vhclaw.com
Phone: (504) 684-5200
Fax: (504) 613-6351
Attorney for Plaintiff

*/s/ David P. Vicknair*
David P. Vicknair, Esq. #34135
Scott, Vicknair, Hair & Checki, LLC
909 Poydras St., Ste. 1100
New Orleans, LA 70112
ford@vhclaw.com
Phone: (504) 684-5200
Fax: (504) 613-6351
Attorney for Plaintiff